**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2514**

YONIS IVAN DEL CID ARGUETA,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

-------------------------------

CAPITAL AREA IMMIGRANTS' RIGHTS COALITION,

Amicus Supporting Petitioner.

On Petition for Review of an Order of the Board of Immigration Appeals.

Argued: September 18, 2019                    Decided: August 18, 2020

Before THACKER, RICHARDSON, and RUSHING, Circuit Judges.

Petition denied by published opinion. Judge Rushing wrote the opinion, in which Judge Thacker and Judge Richardson joined.

**ARGUED:** Donald Louis Schlemmer, Washington, D.C., for Petitioner. Timothy G. Hayes, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** Kate B. Yi, Washington, D.C., for Petitioner. Joseph H. Hunt,

Assistant Attorney General, John W. Blakeley, Assistant Director, Melissa Neiman-Kelting, Assistant Director, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. Claudia R. Cubas, Adina Appelbaum, CAPITAL AREA IMMIGRANTS' RIGHTS (CAIR) COALITION, Washington, D.C.; Susan Baker Manning, MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C., for Amicus Curiae.

———————————

RUSHING, Circuit Judge:

Yonis Del Cid Argueta is a citizen of El Salvador and a lawful permanent resident of the United States. In 2017, the Department of Homeland Security (DHS) sought to remove Argueta from the United States based on two drug convictions from 2015 and 2016. Argueta conceded removability but sought discretionary cancellation of removal under 8 U.S.C. § 1229b(a). An Immigration Judge (IJ) found him statutorily ineligible for cancellation of removal because, during Argueta's first seven years of continuous residence after admission to the United States, he committed an offense listed in 8 U.S.C. § 1182(a)(2) that rendered him inadmissible. *See* 8 U.S.C. § 1229b(d)(1). The Board of Immigration Appeals (BIA) agreed with the IJ and dismissed Argueta's appeal.

Argueta then petitioned our Court for review of the BIA's order, arguing that he could not be "render[ed] . . . inadmissible" for purposes of 8 U.S.C. § 1229b(d)(1) because he has already been lawfully admitted to the United States and is not seeking admission. We held the case in abeyance pending the Supreme Court's decision in *Barton v. Barr*, 140 S. Ct. 1442 (2020). The Supreme Court has now issued its decision and has held that conviction of an offense listed in Section 1182(a)(2) renders a lawful permanent resident "inadmissible" for purposes of Section 1229b(d)(1) even if he is not seeking admission. *Barton*, 140 S. Ct. at 1451–1452. Because Argueta committed such an offense during his initial seven years of residence after admission to the United States, and was later convicted of that offense, he is ineligible for cancellation of removal. We therefore deny his petition.

I.

A noncitizen who has been authorized under federal immigration law to live permanently in the United States is a lawful permanent resident. *See* 8 U.S.C. § 1101(a)(20). Despite this status, a lawful permanent resident who commits certain crimes can be removed from the country. *See* 8 U.S.C. § 1227. Congress has given the Attorney General (acting through immigration judges) the discretion to cancel the removal of a lawful permanent resident if three conditions are met: (1) he has been "lawfully admitted for permanent residence for not less than 5 years"; (2) he "has resided in the United States continuously for 7 years after having been admitted in any status"; and (3) he "has not been convicted of any aggravated felony." 8 U.S.C. § 1229b(a). Accumulation of continuous residence is governed by the so-called "stop-time rule." That rule provides that any period of continuous residence shall be deemed to end when the noncitizen "has committed an offense referred to in [S]ection 1182(a)(2) . . . that renders [him] inadmissible to the United States under [S]ection 1182(a)(2) . . . or removable from the United States under [S]ection 1227(a)(2) or 1227(a)(4)." 8 U.S.C. § 1229b(d)(1)(B).

Argueta received lawful permanent resident status on November 27, 2006. On February 22, 2013, Argueta was arrested in Virginia for possession of marijuana. He pleaded guilty and received deferred adjudication, a sentence of probation and a fine, and temporary suspension of his driver's license. Argueta's run-ins with the law continued, and on October 4, 2017, DHS charged him with removability based on two convictions for possession of marijuana in 2015 and 2016. *See* 8 U.S.C. § 1227(a)(2)(B)(i). Argueta

4

conceded his removability and sought discretionary cancellation of removal under Section 1229b(a).

The IJ determined that Argueta was statutorily ineligible for cancellation of removal because he had not resided in the United States continuously for seven years after his November 2006 admission. Specifically, the IJ held that Argueta's February 2013 drug offense triggered the stop-time rule because it was an offense listed in Section 1182(a)(2) and it rendered Argueta inadmissible under that section. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II).

Argueta appealed the IJ's decision to the BIA. He argued, among other things, that his 2013 offense could not render him inadmissible because he was already admitted as a lawful permanent resident and was present in the United States and therefore was not seeking admission. The BIA dismissed the appeal. Relying on its own precedent and decisions from other circuits, the BIA held that a noncitizen need not be seeking admission for a conviction to render him inadmissible for purposes of the stop-time rule.

Argueta petitioned this Court for review. We have jurisdiction to review the BIA's final order of removal pursuant to 8 U.S.C. § 1252(a)(1) and (a)(2)(D). *See Jaghoori v. Holder*, 772 F.3d 764, 769 (4th Cir. 2014).

II.

The stop-time rule halts a noncitizen's accumulation of continuous residence in the United States for cancellation-of-removal purposes on the date when the noncitizen "commit[s] an offense referred to in [S]ection 1182(a)(2) . . . that renders [him] inadmissible to the United States under [S]ection 1182(a)(2) . . . or removable from the

5

United States under [S]ection 1227(a)(2) or 1227(a)(4)." 8 U.S.C. § 1229b(d)(1)(B). Argueta does not dispute that, within his initial seven years of residence after his admission, he committed an offense referred to in Section 1182(a)(2), namely, violation of a Virginia controlled substances law. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II). Importantly, that offense did not render Argueta removable under Section 1227, which governs deportability, because that statute excepts "a single offense involving possession for one's own use of 30 grams or less of marijuana." 8 U.S.C. § 1227(a)(2)(B)(i). But Section 1182, regarding admissibility, does not include a similar exception. So if that provision can render a previously admitted lawful permanent resident inadmissible, then Argueta's guilty plea could render him "inadmissible . . . under [S]ection 1182(a)(2)" within the meaning of the stop-time rule. 8 U.S.C. § 1229b(d)(1).

Argueta contends that his offense cannot render him inadmissible under Section 1182(a)(2) because, as a lawful permanent resident currently present in the United States, he has already been admitted to this country and is not seeking admission under any exception to the general rule that a lawful permanent resident "shall not be regarded as seeking an admission into the United States." 8 U.S.C. § 1101(a)(13)(C); *see*, *e.g.*, 8 U.S.C. § 1101(a)(13)(C)(ii) (for example, a lawful permanent resident who "has been absent from the United States for a continuous period in excess of 180 days" may be regarded as seeking admission). As Argueta sees it, whether a noncitizen is capable of being rendered "inadmissible" or "removable" (deportable) within the meaning of the stop-time rule depends on his admission status—if he has already been lawfully admitted and is

not seeking admission, then the noncitizen is subject only to deportability and cannot be rendered inadmissible.

After oral argument in this case, however, the Supreme Court considered and rejected Argueta's position. In *Barton*, the Court held that "[a] lawfully admitted noncitizen who was convicted of a crime [listed in Section 1182(a)(2)(A)] during his initial seven years of residence is 'inadmissible' and for that reason is ineligible for cancellation of removal." *Barton*, 140 S. Ct. at 1452. Similar to Argueta here, the petitioner in *Barton* argued that a noncitizen is not rendered inadmissible until he is actually adjudicated as such and denied admission to the United States, and a lawfully admitted noncitizen usually cannot be removed from the country on the basis of inadmissibility—in other words, "how can a lawfully admitted noncitizen be found inadmissible when he has already been lawfully admitted?" *Id.* at 1451. The Court, however, rejected this argument as "disregard[ing] the statutory text, which employs the term 'inadmissibility' as a status that can result from, for example, a noncitizen's (including a lawfully admitted noncitizen's) commission of certain offenses listed in § 1182(a)(2)." *Id.*

As the Supreme Court explained, Congress has made that status—inadmissibility based on conviction of a Section 1182(a)(2) offense—"relevant in several statutory contexts that apply to lawfully admitted noncitizens," such as adjustment to permanent resident status, termination of temporary resident status, protection from removal because of temporary protected status, and cancellation of removal. *Id.* at 1452 (citing 8 U.S.C. §§ 1160(a)(1)(C), (a)(3)(B)(ii), 1254a(a)(1)(A), (c)(1)(A)(iii), 1255(a), (*l*)(2)). In those proceedings, "the noncitizen faces immigration consequences from being convicted of a

7

§ 1182(a)(2) offense even though the noncitizen is lawfully admitted and is not necessarily removable solely because of that offense." *Id.* These examples demonstrate that "Congress has employed the concept of 'inadmissibility' as a status in a variety of statutes" similar to this one, including for lawfully admitted noncitizens. *Id.* The Court therefore concluded that "lawfully admitted noncitizens who are . . . convicted of § 1182(a)(2) crimes are 'inadmissible' and in turn may suffer certain immigration consequences, even though those lawfully admitted noncitizens cannot necessarily be removed solely because of those § 1182(a)(2) offenses." *Id.*

*Barton* disposes of Argueta's petition. A lawfully admitted noncitizen need not be seeking admission to the United States to be "render[ed] . . . inadmissible . . . under [S]ection 1182(a)(2)" for purposes of the stop-time rule. 8 U.S.C. § 1229b(d)(1). Although Argueta is a lawful permanent resident who is not seeking admission, his plea of guilty to a Section 1182(a)(2) offense rendered him inadmissible. Because he committed that offense within seven years of his admission, he is ineligible for cancellation of removal. The petition for review is

*DENIED.*

8